Argued and submitted September 30, 2015; conviction for second-degree burglary reversed, remanded for resentencing, otherwise affirmed October 19, 2016; petition for review denied March 30, 2017 (361 Or 312)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RUSSELL KENT GORDON,
*Defendant-Appellant.*

Multnomah County Circuit Court
130130338; A155426

383 P3d 942

Daniel C. Bennett, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

## ARMSTRONG, P. J.

Defendant was convicted after a trial to the court of burglary in the second degree, ORS 164.215, and invasion of personal privacy, ORS 163.700. He appeals, raising a single assignment of error: that the trial court erred in denying his motion for judgment of acquittal (MJOA) on the second-degree burglary charge. He does not challenge his conviction for invasion of personal privacy. Defendant contends that he was entitled to an MJOA on the burglary charge because he was in a place where he was authorized to be when he committed the crime of invasion of personal privacy, and, therefore, the state failed to prove the element of unlawfully entering or remaining in a place, as required for second-degree burglary. We agree. Accordingly, we reverse defendant's conviction for second-degree burglary, remand for resentencing, and otherwise affirm.

ORS 164.215(1) provides that, subject to an exception not relevant here, "a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein." As pertinent, to "enter or remain unlawfully" means "[t]o enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public and when the entrant is not otherwise licensed or privileged to do so." ORS 164.205(3)(a).[1]

In this case, the record, viewed in the light most favorable to the state, *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998), establishes the following. Defendant and the victim were both employed by a natural resources consulting firm. Defendant was the firm's IT manager. He was authorized to perform work in other employees' offices and had a set of keys and an elevator fob that gave him access to all of the offices and areas of the firm. The victim, who worked as a biologist and geographic information systems mapping specialist, had a private office with a door that closed and locked and an external window with blinds. The

---

[1] Although ORS 164.205 has been amended since the conduct that gave rise to the charges in this case occurred, *see* Or Laws 2015, ch 10, § 1, the amendment does not affect our analysis; accordingly, we quote the current version of the statute.

victim would periodically use a breast pump in her office to obtain breast milk for her child. When she used the breast pump, she would close and lock the door and place a note on the door asking not to be disturbed.

One day, defendant sent the victim an email note telling her that he needed to retrieve some software-license information from her computer. He came to her office, and she left until he was done. When she returned, she closed the door, put up her note, and used her breast pump. Later, as she was cleaning out her office, she noticed what appeared to be a strange pen that was not hers. When she examined it, she saw what looked like a lens. She gave the device to her supervisor. The pen device turned out to be a small video-recording device that contained a micro-USB drive. The video stored on the device shows the victim using the breast pump in her office, with her exposed breasts visible.

As a result of those events, defendant was charged with invasion of personal privacy and second-degree burglary. At trial, he moved for an MJOA on both counts. The trial court denied his motions and convicted him of both charges; with respect to defendant's MJOA on the burglary charge, the court reasoned that, once defendant's purpose for being in the office changed from a legitimate business purpose to criminal conduct, he was no longer privileged to remain in the office and therefore could be guilty of burglary.

Defendant challenges that ruling on appeal, arguing that, because the evidence demonstrated that he was licensed and privileged to enter the victim's office, "even if [he] formed criminal intent while in the office, he was nevertheless lawfully inside it"; therefore, the state failed to prove the "unlawful remaining" element of the crime. The state responds that, when defendant acted outside the scope of his employment by committing an unlawful act, he acted outside his license or privilege to be on the property; therefore, the trial correctly denied his MJOA.

Our recent decision in *State v. Werner*, 281 Or App 154, 383 P3d 875 (2016), resolves the question in defendant's favor. There, the state argued that—for purposes of the burglary statutes—the defendant had exceeded his license and, therefore, had unlawfully remained in a home when he stole

property from a home in which he was otherwise authorized to be. We concluded that the state's argument was inconsistent with the legislature's definition of burglary, because it "fail[ed] to treat burglary as a separate, earlier crime than the crime intended to be committed in the building." *Id.* at 164. Analyzing the text, context, and legislative history of the burglary statutes, we held that "the commission of a crime does not, in and of itself, convert a lawful entry into an unlawful remaining." *Id.* at 168.

That holding dictates the result here: the undisputed evidence was that defendant was licensed to be in the victim's office. Defendant's commission of the crime of invasion of personal privacy did not, in and of itself, convert defendant's lawful entry into the victim's office into one in which he could be found to have unlawfully remained in her office.[2]

Conviction for second-degree burglary reversed; remanded for resentencing; otherwise affirmed.

---

[2] On appeal, the state also argues that it "introduced sufficient evidence that defendant unlawfully entered [the victim's] office because he obtained [her] consent through means of trickery, artifice, or deception." However, even assuming (1) that it would be appropriate for us to consider that argument as an alternative basis to affirm the trial court, *but see Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (setting out requirements for exercising discretion to affirm trial court on an alternative basis), and (2) that the state's legal premise is correct, we would reject the state's argument. The record contains no evidence from which a reasonable factfinder could find that defendant was required to obtain the victim's permission before entering her office. The undisputed evidence was that defendant was authorized to perform work in other employees' offices, he had keys that gave him access to all areas of the company's office, and he was given a fob for after-hours access. Evidence that defendant notified the victim in advance that he needed to enter her office is not, as the state suggests, sufficient for a factfinder to infer that the victim "had the ability to grant or deny license to be present in her office at a time when she herself was present."